Filed 2/24/21  P. v. Jimenez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANNY JIMENEZ,<br><br>    Defendant and Appellant. | D077863<br><br><br>(Super. Ct. No. SCD143996) |

APPEAL from an order of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Affirmed.

Danny Jimenez, in pro. per.; and Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1999, Danny Jimenez pleaded guilty to second degree murder (Pen. Code,[1] § 187, subd. (a)) and admitted a firearm enhancement (§ 12022.5, former subd. (a)(1)).  He also admitted a strike prior (§ 667, subds. (b)-(i)) and a serious felony prior (§ 667, subd. (a)(1)).  He also waived his right to appeal.

---

[1]    All further statutory references are to the Penal Code.

Jimenez was sentenced to an indeterminate term of 28 years to life, plus a determinate term of 13 years in prison.

In January 2019, Jimenez filed a petition for resentencing under section 1170.95. The trial court appointed counsel and received briefing.

In August 2020, the court denied the petition by written order. The court found that at the time of the plea, Jimenez admitted he was the actual killer of the victim; thus, Jimenez was not eligible for relief under section 1170.95.

Jimenez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not been able to identify any arguable issue for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Jimenez the opportunity to file his own brief on appeal. Jimenez has responded with a supplemental brief, which we will discuss below.

## STATEMENT OF FACTS

In his change of plea Jimenez stated that he "unlawfully murdered a human being by personal use of a gun and was unlawful [*sic*] in possession of a gun while being convicted—while being a convicted felon."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue which was considered in evaluating the potential merits of this appeal: Did the trial court err when it held as a matter of law that Jimenez did not qualify for remedial relief within the meaning of section 1170.95.

Jimenez filed a lengthy submission containing a number of matters outside the record on this appeal. He has included letters from counsel, e-mails, and other documents unrelated to the petition for resentencing. His brief does not raise any issues regarding the merits of the order denying his petition for resentencing. He challenges his guilty plea and past and current representation by counsel. Jimenez complains about counsel's alleged failure to timely notify him of the progress of the litigation regarding his petition. Jimenez has not raised any arguable issues for reversal of the order denying his petition under section 1170.95.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Jimenez on this appeal.

## DISPOSITION

The order denying appellant's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DATO, J.

3